UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CONVERSENOW TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 24-cv-5595 |

## COMPLAINT FOR DECLARATORY JUDGEMENT

Plaintiff, HARTFORD UNDERWRITERS INSURANCE COMPANY ("Hartford"), by and through its attorneys, Michael J. Duffy, Michael J. O'Malley, and Joseph M. Dybisz of Wilson Elser Moskowitz Edelman & Dicker LLP, for its Declaratory Judgment Complaint against CONVERSENOW TECHNOLOGIES, INC. ("ConverseNow") states as follows:

### STATEMENT OF THE CASE

1. This action seeks a declaration, pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act), that Hartford owes no insurance coverage obligations to Defendant for the claims raised in the putative class action lawsuits styled: *Myankhai Batchuluun, individually and on behalf of other persons similarly situated, v. Wingstop Inc., and Conversenow Technologies, Inc.*, Case No. 1:24-cv-02302, (N.D. Ill. 2024) ("*Batchuluun* Complaint"); and *Odilon Garcia, Jonathan Neumann, and Zachery Young, individually and on behalf of all others similarly situated, v. Domino's Pizza, Inc. and ConverseNow Technologies, Inc.*, Case No. 1:24-cv-02090, (N.D. Ill. 2024) ("*Garcia* Complaint") (collectively the "Underlying Actions").

1

2. Copies of the original complaints filed in the Underlying Actions are attached as "**Exhibit A**" and "**Exhibit B**," respectively.

## PARTIES

3. Hartford is an insurance company incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

4. ConverseNow is a private company incorporated under the laws of the State of Delaware and headquartered in Austin, Texas.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because both Hartford and ConverseNow do business in the geographical boundaries of this District. Venue is also proper in this District pursuant to 28 U.S.C. §1391 because the Underlying Actions were filed and are currently pending in this District.

## FACTS

A. *THE UNDERLYING ACTIONS*

*Batchuluun* Complaint

7. On March 20, 2024, the *Batchuluun* Complaint was filed against ConverseNow alleging violations of the Illinois Biometric Information Privacy Act, codified as 740 ILCS/14 and Public Act 095-994 ("BIPA"). *See* Ex. A.

8. The *Batchuluun* Complaint was brought on behalf of the following putative class:

> All individuals who had their voiceprints, biometric identifiers, and/or biometric information collected, captured, otherwise obtained, used, and/or stored by Defendants when making a telephone order at a Wingstop location in the State of Illinois at any time within the applicable statute of limitations.

*See* Ex. A.

9. The *Batchuluun* Complaint alleges that ConverseNow is in the business of providing AI voice technology platforms for restaurants. *See* Ex. A.

10. The *Batchuluun* Complaint alleges that on March 2, 2023, ConverseNow and Wingstop Inc. announced a pilot program under which ConverseNow's voice-AI powered virtual assistants would handle customer phone orders on behalf of Wingstop. *See* Ex. A.

11. The *Batchuluun* Complaint alleges that in February 2023, Mr. Batchuluun called the Wingstop location at 1312 E Rand Road, Unit 1, Prospect Heights, Illinois, from his cellphone to place an order for food delivery. During the call, Mr. Batchuluun interacted with a voice AI assistant who took his order and collected certain personal information from Mr. Batchuluun, including his name and telephone number. The voice AI technology utilized for taking Mr. Batchuluun's order allegedly collected, captured, used, and/or stored his unique voiceprint, biometric identifiers, and/or biometric information. *See* Ex. A.

12. The *Batchuluun* Complaint asserts three causes of action against ConverseNow and seek the following relief:

- Count 1 – Violation of BIPA (740 ILCS 14/15)(a): Underlying Plaintiffs allege ConverseNow failed to provide and follow a publicly available retention schedule and guidelines for permanently destroying Underlying Plaintiffs' biometric identifiers.

- Count 2 – Violation of BIPA (740 ILCS 14/15)(b)(1-3): Underlying Plaintiffs allege ConverseNow failed (1) to properly inform Underlying Plaintiffs in writing that their biometric identifiers were being generated, collected, stored, and disclosed; (2) to properly inform Underlying Plaintiffs in writing of the specific purpose and length of time for which their biometric identifiers were being collected, stored, used, and/or disclosed; and (3) obtain a written release from Underlying Plaintiffs to collect, capture, or otherwise obtain their biometric identifiers.

- Count 3 – Violation of BIPA (740 ILCS 14/15)(c): Underlying Plaintiffs allege ConverseNow profited from Underlying Plaintiffs' biometric identifiers by using them

to improve its voice AI technology, increase sales of the technology, and gain an edge over its competitors.

In connection with these causes of action, the *Batchuluun* Complaint seeks the following relief: (a) an order certifying the putative class as defined above; (b) declaring that ConverseNow's actions violate BIPA; (c) awarding injunctive and equitable relief as necessary to protect the interests of Underlying Plaintiffs by requiring ConverseNow to comply with BIPA; (d) finding ConverseNow's conduct intentional or reckless and awarding $5,000 in damages per violation of BIPA; (e) awarding statutory damages of $1,000 for each negligent violation of BIPA; (f) an award of attorney's fees and costs; (g) awarding pre- and post-judgment interest; and (h) awarding such other and further relief as the Court deems equitable and just. *See* Ex. A.

*Garcia* Complaint

13. On March 13, 2024, the *Garcia* Complaint was filed against ConverseNow alleging violations of the Illinois Biometric Information Privacy Act, codified as 740 ILCS/14 and Public Act 095-994 ("BIPA"). *See* Ex. B.

14. The *Garcia* Complaint was brought on behalf of the following putative class:

> All individuals who had their voiceprints, biometric identifiers, and/or biometric information collected, captured, otherwise obtained, used, and/or stored by Defendants when making a telephone order at a Domino's location in the State of Illinois at any time within the applicable statute of limitations.

*See* Ex. B.

15. The *Garcia* Complaint alleges that ConverseNow is in the business of providing AI voice technology platforms for restaurants. *See* Ex. B.

16. The *Garcia* Complaint alleges that Domino's Pizza, Inc. ("Domino's") used ConverseNow's voice-AI powered virtual assistants to handle customer phone orders on behalf of Domino's. *See* Ex. B.

17. The *Garcia* Complaint alleges that Odilon Garcia, over the course of the past five years, has called Domino's dozens of times to place an order for food, and has interacted with AI-assisted voice technology during those calls.

18. The *Garcia* Complaint alleges that between May and July 2023, Plaintiff Mr. Jonathan Neumann called the Domino's location at 1234 S. Canal St., Chicago, Illinois, on at least two occasions to place an order for food and has interacted with AI-assisted voice technology during those calls. *See* Ex. B.

19. The *Garcia* Complaint alleges that over the past 6 months, Plaintiff Mr. Zachery Young called the Domino's location at 2501 S. Broadway Street, Quincy, Illinois, between 5 and ten times to place an order for food and has interacted with AI-assisted voice technology during those calls. *See* Ex. B.

20. The voice AI technology designed by ConverseNow and which was utilized for taking Messrs. Nuemann and Young's orders allegedly collected, captured, used, and/or stored his unique voiceprint, biometric identifiers, and/or biometric information. *See* Ex. B.

21. The *Garcia* Complaint asserts three causes of action against ConverseNow and seeks the following relief:

- Count 1 – Violation of BIPA (740 ILCS 14/15)(a): Underlying Plaintiffs allege ConverseNow failed to provide and follow a publicly available retention schedule and guidelines for permanently destroying Underlying Plaintiffs' biometric identifiers.

- Count 2 – Violation of BIPA (740 ILCS 14/15)(b)(1-3): Underlying Plaintiffs allege ConverseNow failed (1) to properly inform Underlying Plaintiffs in writing that their biometric identifiers were being generated, collected, stored, and disclosed; (2) to properly inform Underlying Plaintiffs in writing of the specific purpose and length of

5

time for which their biometric identifiers were being collected, stored, used, and/or disclosed; and (3) obtain a written release from Underlying Plaintiffs to collect, capture, or otherwise obtain their biometric identifiers.

- Count 3 – Violation of BIPA (740 ILCS 14/15)(c): Underlying Plaintiffs allege ConverseNow profited from Underlying Plaintiffs' biometric identifiers by using them to improve its voice AI technology, increase sales of the technology, and gain an edge over its competitors.

In connection with these causes of action, the *Garcia* Complaint seeks the following relief: (a) an order certifying the putative class as defined above; (b) declaring that ConverseNow's actions violate BIPA; (c) awarding injunctive and equitable relief as necessary to protect the interests of Underlying Plaintiffs by requiring ConverseNow to comply with BIPA; (d) finding ConverseNow's conduct intentional or reckless and awarding $5,000 in damages per violation of BIPA; (e) awarding statutory damages of $1,000 for each negligent violation of BIPA; (f) an award of attorney's fees and costs; (g) awarding pre- and post-judgment interest; and (h) awarding such other and further relief as the Court deems equitable and just.

*See* Ex. B.

B. **THE POLICIES**

22. Hartford issued certain Business Owner's insurance policies bearing policy number 65 SBA AP1DKS to ConverseNow, Inc. with effective dates of November 20, 2021 to June 19, 2022 ("2021-2022 Policy"), renewed for the term June 19, 2022 to June 19, 2023 ("2022-2023 Policy") and subsequently renewed for the term June 19, 2023 to June 19, 2024 ("2023-2024 Policy" and collectively, the "Policies"). True and accurate copes of the Policies are attached, respectively, as "**Exhibits C, D, and E.**"

C. **COMMERCIAL GENERAL LIABILITY COVERAGE**

23. Subject to all of their terms, the Policies provide certain Commercial General Liability coverage, and state, in part:

A) COVERAGES

1. ***Business Liability Coverage (Bodily Injury, Property Damage, Personal And Advertising Injury) Insuring Agreement***

    *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.*

    *We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:*

    *(1) The amount we will pay for damages is limited as described in Section D. Liability And Medical Expenses Limits Of Insurance; and*

    *(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses to which this insurance applies.*

    *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.*

    *b. This insurance applies:*

    *(1) To "bodily injury" and "property damage" only if:*

    *(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory",*

    *(b) The "bodily injury" or "property damage" occurs during the policy period; and*

    *(c) . . .*

    *(2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.*

24. The Policies provide the following definitions:

7

*\* \* \**

1. *"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purpose of this definition:*

   *a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and*

   *b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purpose of attracting customers or supporters is considered an advertisement.*

2. *"Advertising idea" means any idea for an "advertisement".*

*\* \* \**

5. *"Bodily Injury" means physical:*

   *a. Injury;*

   *b. Sickness; or*

   *c. Disease*

   *sustained by a person and, if arising out of the above, mental anguish or death at any time.*

*\* \* \**

16. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

17. *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

    *a. False arrest, detention or imprisonment;*

    *b. Malicious prosecution;*

    *c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*

    *d. Oral, written, electronic, or any other manner of publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

    *e. Oral, written, or electronic, or any other manner of publication of material that violates a person's right of privacy;*

8

> ***f.*** *Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement"; or*
>
> ***g.*** *Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement".*
>
> * * *
>
> **20.** *"Property Damage" means:*
>
> ***a.*** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>
> ***b.*** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*
>
> *As used in this definition, electronic data is not tangible property.*
>
> * * *

*See* Exs. C-E.

    25.    The Policies also contain the following exclusions:

> **B.**     **EXCLUSIONS**
>
>     **1.**     ***Applicable To Business Liability Coverage***
>
> *This insurance does not apply to:*
>
>     ***a.***     ***Expected Or Intended Injury***
>
>         ***(1)***     *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or*
>
>         ***(2)***     *"Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".*
>
> * * *
>
>     ***j.***     ***Professional Services***

9

> "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:
>
> **(11)** Computer consulting, design, or programming services, including web site design.
>
> * * *
>
> **p.** **Personal And Advertising Injury**
>
> "Personal and advertising injury":
>
> * * *
>
> **(2)** Arising out of oral, written, electronic, or any other manner of publication of material whose first publication took place before the beginning of the policy period;
>
> * * *
>
> **(4)** Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement";
>
> * * *
>
> **(8)** Arising out of an offense committed by an insured whose business is:
>
> **(a)** Advertising, broadcasting, publishing or telecasting;
>
> **(b)** Designing or determining content of web sites for others; or
>
> **(c)** An Internet search, access, content or service provider.
>
> However, this exclusion does not apply to Paragraphs **a.**, **b.** and **c.** of the definition of "personal and advertising injury" in Section **F.** Liability And Medical Expenses Definitions.
>
> For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by

10

>>> *itself, considered the business of advertising, broadcasting, publishing or telecasting.*

* * *

> **(11)** *Arising out of the violation of a person's right of privacy created by any state or federal act.*
>
> *However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act;*

* * *

> **(15)** *Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost, or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.*

> **q.** ***Access or Disclosure Of Confidential Or Personal Information And Data-Related Liability***
>
>> **(1)** *Damages because of "bodily injury" or "property damage" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or*
>>
>> **(2)** *Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate "electronic data".*

* * *

> **t.** ***Recording And Distribution Of Material Or Information In Violation Of Law***

11

> "Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
>
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA CAN-SPAM Act of 2003, or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

*See* Exs. C-E.

### D. *TENDER AND ACTUAL CONTROVERSY*

26. ConverseNow tendered the Underlying Actions seeking defense and indemnity from Hartford.

27. Hartford denies that it owes ConverseNow any defense or indemnity obligations under the Policies.

28. An actual justiciable controversy exists between Hartford and ConverseNow as to the availability of insurance coverage to ConverseNow under the Policies. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

**COUNT I**
**No "Bodily Injury" or "Property Damage" Caused by an "Occurrence"**

12

29. Hartford incorporates and restates the allegations of Paragraphs 1 through 28 above as if fully set forth herein.

30. Subject to all of their terms, the Policies provide certain coverage for damages because of "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined in the Policies.

31. The claims in the Underlying Actions do not concern claims for damages because of "bodily injury" or "property damage" caused by an "occurrence."

32. Accordingly, Hartford does not owe any defense or indemnity obligations to ConverseNow under the Policies for the claims in the Underlying Actions.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT II
## No "Personal and Advertising Injury"

33. Hartford incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

34. The allegations in Count I in the Underlying Actions seek damages arising from ConverseNow's alleged failure to institute, maintain, and adhere to a publicly available retention schedule.

35. The allegations in Count II in the Underlying Actions seek damages arising from ConverseNow's alleged failure to obtain written consent and a release before obtaining biometric identifiers or information.

36. The allegations in Count III in the Underlying Actions seek damages arising from ConverseNow's alleged profit from Underlying Plaintiffs' biometric identifiers by using them to improve its voice AI technology, increase sales of the technology, and gain an edge over its competitors.

37. The Policies define "personal and advertising injury" as, among other things, the "[o]ral, written or electronic publication of material that violates a person's right of privacy."

38. The Underlying Actions do not allege publication of material that violates a person's right of privacy.

39. The Underlying Actions does not allege "personal and advertising injury" as defined in the Policies.

40. Accordingly, Hartford does not owe any defense or indemnity obligations to ConverseNow for the claims against it in the Underlying Actions.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT III
### Access Or Disclosure Of Confidential Or Personal Information Exclusion

41. Hartford incorporates and restates the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

42. The Policies each contain Exclusion B.1.(p)(15) entitled Access Or Disclosure Of Confidential or Personal Information, which bars coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information.

43. The Underlying Action seeks damages arising out of access to a person's confidential or personal information.

44. Accordingly, the Access Or Disclosure Of Confidential or Personal Information Exclusion bars coverage for the claims in the Underlying Action.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IV
## Recording and Distribution Of Material Or Information In Violation Of Law Exclusion B.1.(t)

45. Hartford incorporates and restates the allegations of Paragraphs 1 through 44 above as if fully set forth herein.

46. The Policies each contain Exclusion B.1.(t) entitled Recording and Distribution Of Material Or Information In Violation Of Law, which bars coverage for, among other things, "personal and advertising injury" "arising directly or indirectly out of any action or omission that violates or is alleged to violate: . . . Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information."

47. The Underlying Actions allege that ConverseNow violated BIPA, which is a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

15

48. Accordingly, the Recording and Distribution Of Material Or Information In Violation Of Law Exclusion bars coverage for the Underlying Actions.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT V
### Expected or Intended Injury Exclusion B.1(a)

49. Hartford incorporates and restates the allegations of Paragraphs 1 through 48 above as if fully set forth herein.

50. The Policies each contain Exclusion B.1.(a) entitled Expected or Intended Injury, which bars coverage for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

51. The Underlying Actions allege ConverseNow intentionally violated BIPA.

52. Accordingly, the Knowing Violation of Rights Of Another Exclusion bars coverage for the Underlying Action.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VI
### Right of Privacy Created by Statute Exclusion B.1(p)(11)

53. Hartford incorporates and restates the allegations of Paragraphs 1 through 52 above as if fully set forth herein.

54. The Policies contain Exclusion B.1.(p)(11) entitled "Personal and Advertising Injury" which excludes coverage for "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

55. The Underlying Actions allege that ConverseNow violated BIPA, which is a state statute that creates a right of privacy for "aggrieved" persons as that term is defined by BIPA.

56. Accordingly, Hartford does not owe any defense or indemnity obligations to ConverseNow under the Policies for the claims in the Underlying Actions.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VII
## Professional Services Exclusion B.1.(j)(11)

57. Hartford incorporates and restates the allegations of Paragraphs 1 through 56 above as if fully set forth herein.

58. The Policies contain Exclusion B.1.(j)(11) entitled "Professional Services" which excludes coverage for any "personal and advertising injury" arising out of the rendering of or failure to render any professional service, including but not limited to computer consulting, design, or programing services.

59. The Underlying Actions allege ConverseNow "one of the leading voice AI technology platforms for restaurants" and that "Voice AI uses natural language processing (NLP),

natural language understanding (NLU) and machine learning algorithms to interpret and respond to speech, and to learn from these user interactions." *See* Ex. A, ¶¶ 22, 24; Ex. B, ¶¶ 30, 32.

60. The Underlying Actions seek damages arising from ConverseNow's computer consulting, design, or programing services.

61. Accordingly, Hartford does not owe any defense or indemnity obligations to ConverseNow under the Policies for the claims in the Underlying Actions.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VIII
### Personal and Advertising Injury Exclusion B.1(p)(2)

62. Hartford incorporates and restates the allegations of Paragraphs 1 through 61 above as if fully set forth herein.

63. The Policies contain Exclusion B.1.(p)(2) which excludes coverage for any "personal and advertising injury" arising out of any oral, written, electronic, or any other manner of publication of material whose first publication took place before the beginning of a given policy period.

64. The Underlying Actions allege that ConverseNow is a private AI company founded in 2018 and that ConverseNow's patented voice AI technology is utilized at more than 1,800 stores in 46 states, including in Illinois. Additionally, ConverseNow allegedly "processes millions of live conversations each month." *See* Ex. A, ¶ 10; Ex. B, ¶12.

65. To the extent the Underlying Actions allege "personal and advertising injury" arising out of any oral, written, electronic, or any other manner of publication of material, which

Hartford denies, Exclusion B.1(p)(2) bars coverage for "personal and advertising injury" arising from any publication of material occurring before the beginning of a given policy period.

66. Accordingly, Exclusion B.1(p)(2) bars coverage for the claims made against ConverseNow in the Underlying Actions.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IX
### Personal and Advertising Injury Exclusion B.1(p)(8)

67. Hartford incorporates and restates the allegations of Paragraphs 1 through 66 above as if fully set forth herein.

68. The Policies contain Exclusion B.1.(p)(8) which excludes coverage for any "personal and advertising injury" arising out of an offense committed by an insured whose business is: (a) advertising, broadcasting, publishing or telecasting; (b) designing or determining content of web sites for others; (c) an internet search, access, content or service provider.

69. ConverseNow is in the business of software, internet, application and web design. *See* Exs. C-E at Declarations.

70. To the extent that the Underlying Actions allege "personal and advertising injury" arising out of an offense committed by ConverseNow within the course of its software, internet, application and web design business, Exclusion B.1.(p)(8) excludes coverage for the claims made against ConverseNow in the Underlying Actions.

71. Accordingly, Exclusion B.1(p)(8) bars coverage for the claims made against ConverseNow in the Underlying Actions.

WHEREFORE, Plaintiff Hartford prays this Court enter the following relief:

A. A declaration finding Hartford owes no duty to defend or indemnify ConverseNow for the claims against it in the Underlying Actions under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy

Lead Attorney for Hartford Underwriters Insurance Company

Michael J. Duffy
Michael J. O'Malley
Joseph M. Dybisz
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
312.704.0550 (Main)
Michael.Duffy@wilsonelser.com
Michael.O'Malley@wilsonelser.com
Joseph.Dybisz@wilsonelser.com